UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MERRIE SMITH, individually and on behalf of others similarly situated, | * * * No. _____ |
| Plaintiff, | * |
| | * COLLECTIVE ACTION |
| v. | * |
| | * |
| JRC VENTURES, INC., JACQUE R. COLLETT, and 24-7 BRIGHT STAR HEALTHCARE, LLC., | * * |
| | * |
| Defendants. | * |

## COMPLAINT

Comes Plaintiff, Merrie Smith, (1) individually on her own behalf and (2) on behalf of others similarly situated, and sues Defendants, JRC Ventures, Inc., Jacque R. Collett, and 24-7 Bright Star Healthcare, LLC, and for cause of action states as follows.

### I. THE PARTIES

1. Plaintiff is a citizen and resident of Hamilton County, Tennessee. She brings this action seeking relief for herself as an individual. Since September 2016, she has been employed as a home care worker by Defendants JRC Ventures, Inc. ("JRC") and 24-7 Bright Star Health Care LLC ("Bright Star"). She brings this action seeking relief for herself. She also brings this action as a collective action seeking relief for all similarly situated persons who have or are performing home care or similarly situated work as employees of either or both of those entities.

2. The Defendant JRC Ventures, Inc. is a corporation organized under the laws of the State of Tennessee. Its principal place of business is shown by the Tennessee Secretary of State to be located at 6016 Shallowford Road, Suite 1300, Chattanooga TN 37421. Its

Registered Agent for Service of Process is Jacque R. Collett. It does business as "Brightstar of Chattanooga," "Brightstar Care" and "BrightstarCare."

3. The Defendant Jacque R. Collett is, upon information and belief, an officer of defendant JRC Ventures, Inc. He is a person responsible for the employment practices complained of herein and is individually liable for such violations.

4. The Defendant 24-7 Bright Star Healthcare LLC ("Bright Star") is a limited liability company organized under the laws of the State of Nevada. Its agent for service of process is Registered Agent Solutions, Inc., 4625 West Nevso Dr., Ste 2, Las Vegas, Nevada 89103. It and affiliates do business as BrightstarCare in many jurisdictions, including Tennessee. In Tennessee, it does business as BrightstarCare with the Defendant JRC Ventures, Inc. as joint employers. Bright Star provides home care, health care, and medical staffing services nationwide, with over 280 locations in the United States. In Tennessee, it does business as Brightstar Care with Defendant JRC Ventures, Inc. in a business combination. It and Defendant JRC Ventures, Inc. jointly employ Plaintiff and others similarly situated in the Chattanooga, Tennessee area. Bright Star employs other home care employees throughout the United States, frequently as a joint employer with other entities.

5. At all times material the Defendants have been in an industry engaged in or affecting commerce and have been subject to the provisions of the Fair Labor Standards Act. Since January 1, 2015, the employees performing companionship services for individuals in accordance with their employment by the Defendants have been entitled to minimum wages and overtime compensation for all hours worked in excess of 40 hours in each week, all in accordance with 29 CFR § 552.109.

## II. JURISDICTION

6. This Court has jurisdiction over this case without regard to the citizenship of the Parties or the amount in controversy by virtue of the provisions of the Fair Labor Standards Act, 29 USC § 216(b) and 28 USC § 1337.

## III. FACTUAL BASIS OF CLAIMS

7. A business conducted by all Defendants herein provides in-home healthcare and companionship services to individuals.

8. To carry on this business, the Defendants engage the services of qualified individuals, such as Plaintiff herein. Upon information and belief, all of these persons have been classified as employees.

9. The Defendants have failed and refused to pay employees providing such companionship services with overtime compensation as required by law.

10. When Plaintiff was initially hired in September 2016, she was promised an hourly wage of $10.00.

11. In a number of weeks, Plaintiff worked many hours of overtime. Although the Defendants paid her at the rate of $10.00 per hour, they disguised their records to make it appear that Plaintiff was being paid overtime for hours in excess of 40 when, in fact, Defendants were simply paying her straight time at the $10 contract rate for all hours worked, including hours in excess of 40 in a week.

12. In those weeks in which Plaintiff worked fewer than 40 hours, Defendant paid her at the straight time rate of $10.00 per hour. In the weeks that Plaintiff worked more than 40 hours, the defendants manipulated their payroll records to show that Plaintiff's straight time rate was $7.50 and that she earned overtime compensation for hours in excess of 40 hours at a rate

approximately one and one-half times the $7.50 hour rate. The Defendant then added "other compensation" to bring total pay for Plaintiff to amount equal to $10.00 for every regular and overtime hour worked. Thus, Defendants compensated Plaintiff at the agreed upon $10 hourly rate for all hours worked when it was required to pay that $10 hourly rate for the first forty (40) hours worked and $15 per hour for each and every hour in excess of forty (40) hours per week.

13. Only recently did the Defendants advise their employees that they would start paying overtime compensation in January 2017. Defendants have been and still are paying all persons providing companionship services straight time for all hours worked, without overtime compensation as required by law.

14. The Defendants' violations of the overtime requirements of the Fair Labor Standards Act have been and are willful violations.

15. The Defendants are required by Section 11(c) of the Fair Labor Standards Act to create and maintain accurate records of covered employees' hours of work and pay. The Defendants have maintained fraudulent records of employees' pay in the manner described hereinabove.

### IV. PRAYER FOR RELIEF

16. Plaintiff prays for the following relief:

    a. An Order certifying this case as a collective action pursuant to 29 USC § 216(b), providing for a notice to a class of all employees employed by the Defendants in the United States from January 1, 2015 performing companionship services, informing them of the filing of this lawsuit, the nature of this action, and their right to opt into this case as Plaintiffs if they have worked hours in excess of 40 in a work week without being paid overtime compensation;

b. A declaratory judgment that Defendants actions violated the provisions of 29 USC § 207 as to Plaintiff and all persons similarly situated;

c. A declaratory judgment that all of Defendants violations were willful violations;

d. An award to Plaintiff and to all other individuals who opt into this action of damages for unpaid overtime compensation;

e. An award for an equal amount for liquidated damages as provided by law;

f. An order permanently enjoining the Defendants from maintaining false and fraudulent records of their hours of work and rates of pay;

g. An award of reasonable attorney's fees and costs as provided by law; and

h. Such further relief to which the Plaintiff and all who opt in may be entitled.

Respectfully submitted,

BURNETTE, DOBSON & PINCHAK

By: ___s/ *Frank P. Pinchak*___
    Frank P. Pinchak, BPR# 002094
    H. Eric Burnette, BPR# 024342
    711 Cherry Street
    Chattanooga, TN 37402
    Phone: (423) 266-2121
    Fax: (423) 266-3324
    Email: fpinchak@bdplawfirm.com
    Email: eburnette@bdplawfirm.com

and

WAGNER, NELSON & WEEKS

Michael A. Wagner, BPR# 012840
701 Market Street, Suite 1418
Chattanooga, TN 37402
Phone: (423) 756-7923
Fax: (423) 267-2997
Email: maw@wagnerinjury.com

*Attorneys for Plaintiff*