| | |
|---|---|
| MERRIE SMITH, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 1:16-cv-00499-CHS ) COLLECTIVE ACTION |
| JRC VENTURES, INC., JACQUE R. COLLETT, 24-7 BRIGHT STAR HEALTH-CARE, LLC, BRIGHTSTAR GROUP HOLDINGS, INC., BRIGHTSTAR FRAN-CHISING, LLC, GRUBB & ASSOCIATES, INC., and JOSEPH GRUBB, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS GRUBB & ASSOCIATES'
AND JOSEPH GRUBB'S MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, TO DROP OR TO SEVER AND TO TRANSFER

Pursuant to Fed. R. Civ. P. 12(c), Defendants Grubb & Associates, Inc. and Joseph Grubb (together, the "Knoxville Defendants") hereby request this Court to enter Judgment on the pleadings as to the claims in Plaintiff's Amended Complaint against the Knoxville Defendants. The Plaintiffs have made their proposed collective action dependent upon establishing a joint employment relationship between the Knoxville Defendants and 24-7 Bright Star Healthcare, LLC, Brightstar Group Holdings, Inc., and Brightstar Franchising (together, the "Corporate Brightstar Defendants"). However, because the Plaintiffs do not allege a single specific fact necessary to prove that the Knoxville Defendants and the Corporate Brightstar Defendants are

1

joint employers, the claims against the Knoxville Defendants must be dismissed. The Plaintiffs' bare, conclusory allegation that the Knoxville Defendants are joint employers with the Corporate Brightstar Defendants as to Plaintiff Russell is not sufficient to sustain a collective action against the Knoxville Defendants. In the alternative, should this Court determine not to dismiss the action as to the Knoxville Defendants, the Knoxville Defendants move this Court to enter an Order dropping the Defendants Grubb & Associates, Inc. and Joseph Grubb from the suit pursuant to Fed. R. Civ. P. 21, or severing Plaintiff Russell's claims from the claims of other Plaintiffs and transferring the severed claims to the Knoxville Division of the Eastern District Court of Tennessee pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404.

## BACKGROUND

On December 20, 2016, Plaintiff Merrie Smith filed her Complaint against certain defendants, not including the Knoxville Defendants. [Doc. 1.] Over one year later, on January 31, 2018, this Court entered an Order [Doc. 53] granting Plaintiff Smith's Motion to Amend the Complaint to Add Parties. [Doc. 50.] In the Amended Complaint, the Plaintiffs joined Jessica Brooke Russell as a Plaintiff (the "Knoxville Plaintiff") and named the Knoxville Defendants as additional defendants. [Doc. 54]. The Knoxville Plaintiff admitted in the Amended Complaint that she was employed by Grubb & Associates, Inc., an entirely different entity from the Defendants JRC Ventures, Inc., and Jacque R. Collett (the "Chattanooga Defendants"). [Doc. 54, ¶ 2.] However, in their Amended Complaint, the Plaintiffs make blanket allegations that *all* of the Defendants committed the following FLSA violations:

> (1) "failed and refused to pay employees providing such companionship services with overtime compensation as required by law," (¶ 15);
> (2) "disguised their [the Chattanooga Defendants'] records to make it appear that Plaintiff [Smith] was being paid overtime… when, in fact, Defendants simply paying her straight time," (¶ 17); and

2

(3) "manipulated [payroll records]" to modify the wages of employees to give the appearance of paying overtime when paying "straight time." (¶ 18).

The Knoxville parties have no connection to or relationship with the Chattanooga parties because Grubb & Associates is a separate business entity, located in Knoxville. [Doc. 54, ¶ 2.] The Plaintiffs have pleaded no factual nexus to link the blanket allegations, above, to any alleged actions of the Knoxville Defendants. Plaintiffs, through the use of "shotgun pleading,"[1] have alleged that all of the Defendants instituted a single, unified fraudulent pay scheme to deny overtime compensation to all Plaintiffs. Plaintiffs do not state with specificity which allegations are directed at any one or more of the seven (7) named Defendants.

## STANDARD OF REVIEW

When considering a motion for judgment on the pleadings pursuant to Rule 12(c), "[t]he standard of review. . . is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001) (citation omitted). In reviewing a Rule 12(b)(6) motion, the Court is to accept all of the well-pleaded allegations of the pleadings as true and to construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). *Legal conclusions and unwarranted factual inferences contained in a complaint, however, need not be accepted as true*. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (emphasis added). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th

---

[1] "Shotgun pleading" has been defined as "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions…." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). As detailed in this Motion, Plaintiff's Amended Complaint makes generalized allegations toward all Defendants, even those allegations that concerned conduct in Chattanooga.

3

Cir. 2003). Federal Rule of Civil Procedure 8 requires for the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The factual allegations, assumed to be true, *must do more than create speculation or suspicion of a legally cognizable cause of action*; they must show *entitlement to relief*." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (emphasis added). A motion to dismiss tests whether the plaintiff has alleged facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…. *Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).

## LEGAL ARGUMENT

**I. Plaintiffs have failed to allege sufficient facts to support the blanket assertion that the Corporate Brightstar Defendants and the Knoxville Defendants are joint employers of Plaintiff Russell.**

In their Amended Complaint, the Plaintiffs contend that the named Defendants are "joint employers," as follows: "[Corporate Brightstar Defendants] and Defendant Grubb & Associates jointly employed [the Knoxville Plaintiff] and others similarly situated in the Knoxville, Tennessee area." [Doc. 54, ¶ 10.] The allegation of joint employment is a legal conclusion or, at best, an unsupported factual inference which is not accepted as true at this stage in the proceedings. *Morgan*, 829 F.2d at 12 (6th Cir. 1987) (stating that, in a motion to dismiss, legal conclusions and unwarranted factual inferences in the complaint need not be accepted as true).

4

The FLSA contemplates that more than one employer may be simultaneously responsible for compliance with the FLSA. *Dole v. Elliott Travel & Tours, Inc.*, 942 F2d 962, 965 (6th Cir. 1991). However, the FLSA does not merely allow any common entity to be treated as a "joint employer." Instead, a joint employment relationship is established by an evaluation of the facts, as provided in the following Department of Labor regulations:

> If all the relevant facts establish that two or more employers are acting entirely independently of each other and are completely disassociated with respect to the employment of a particular employee, who during the same workweek performs work for more than one employer, each employer may disregard all work performed by the employee for the other employer (or employers) in determining his own responsibilities under the Act. On the other hand, if the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the Act.

29 C.F.R. ¶ 791.2(a). Under the FLSA, "the issue of joint employment… depends upon all of the facts in the particular case and is largely an issue of control." *Politron v. Worldwide Domestic Servs., LLC.*, 2011 U.S. Dist. LEXIS 52999, at *2 (M.D. Tenn. May 17, 2011). The Sixth Circuit has not formulated a test for identifying a joint employer in the context of an FLSA action; however, in *Bacon v. Subway*, the Eastern District Court of Tennessee cited the Sixth Circuit's factors in determining if an entity may be considered a joint employer in the context of Title VII, as follows: (1) exercise of the authority to hire, fire, and discipline; (2) control over pay and insurance; and (3) supervision. *Bacon v. Subway Sandwiches & Salads, LLC*, 2015 U.S. Dist. LEXIS 19572, at *8 (E.D. Tenn. Feb. 19, 2015).[2] A personal relationship between the

---

[2] Federal courts apply a proliferation of tests to determine whether a "joint employment" relationship exists, and the Sixth Circuit's test range from a three-factor test, above, also applied in *Bacon v. Subway Sandwiches & Salads LLC*, 2015 U.S. Dist. LEXIS 19572, at *4 (E.D. Tenn. Feb. 19, 2015); *Politron v. Worldwide Domestic Servs., LLC*, 2011 U.S. Dist. LEXIS 52999, at *2 (M.D. Tenn. May 17, 2011); *Keeton v. Time Warner Cable*, 2010 U.S. Dist. LEXIS 135544, at *2 (S.D. Ohio May 24, 2010); to a four-factor test ("the interrelation of operations between the companies, common management, centralized control of labor relations, and common

employee plaintiff and the employer defendant is sufficient to allege a joint employment relationship. *Parrott v. Marriott Int'l, Inc.*, 2017 U.S. Dist. LEXIS 133277, at *6-7 (E.D. Mich. Sept. 6, 2017) ("[M]any courts have been called upon to decide if a named defendant is a joint employer, consider the nature of the relationship between the plaintiff and the defendant, and require the plaintiff to allege the existence of a personal relationship."). Needless to say, factual allegations of the extent of the relationship are required, and further, a factual allegation of control, more than standard and routine commonalities between the two or more alleged joint employers, is necessary.

The Plaintiffs' Amended Complaint fails to allege even a modicum of contact between the Corporate Brightstar Defendants and the Knoxville Plaintiffs, in stark contrast with the top-down directives from Marriott to franchisee employees described in Sixth Circuit cases such as *Parrott v. Marriott*. *Parrott*, 2017 U.S. Dist. LEXIS 133277, at *7-8; *see* discussion of *Parrott supra*. Likewise, the Plaintiffs have failed to allege that the Corporate Brightstar Defendants have a "personal relationship" with the Knoxville Defendants, which would be expected if the Corporate Brightstar Defendants were exercising control over the Knoxville Defendants' employment and pay decisions. Plaintiffs' "joint employer" theory is devoid of any allegation that the Corporate Brightstar Defendants, as joint employers, exercised control over the Knoxville Defendants *to enforce an FLSA-violating policy*. *Parrott*, 2017 U.S. Dist. LEXIS 133277, at *1-2 (the plaintiffs contended that Marriott willfully misclassified the plaintiffs as

---

ownership") first applied in a case involving a dispute between a labor union and an employer, *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 902 (6th Cir. 1991) (quoting *Metro. Detroit Bricklayers Dist. Council v. J.E. Hoetger & Co.*, 672 F.2d 580, 584 (6th Cir. 1982)), and later applied in an FLSA context, *Heard v. Nielson*, 2017 U.S. Dist. LEXIS 85057, at *3 (S.D. Ohio June 2, 2017); *Barnett v. E-Waste Sys., Inc.*, 015 U.S. Dist. LEXIS 50997, at *4 (S.D. Ohio Apr. 17, 2015); to a direct application of the Department of Labor Guidelines, *Brown v. Creative Restaurants, Inc.*, 2013 U.S. Dist. LEXIS 189927, at *4 (W.D. Tenn. Feb. 19, 2013). *See Sutton v. Cmty. Health Sys.*, 2017 U.S. Dist. LEXIS 133712 (W.D. Tenn. Aug. 22, 2017), at *9-10 (compiling cases and tests; applying the three-factor test).

6

exempt employees); *Bacon v. Subway Sandwiches & Salads, LLC*, 2015 U.S. Dist. LEXIS 19572, at *3 (E.D. Tenn. Feb. 19, 2015) (stating that the plaintiffs contended that managers willfully altered employee time records pursuant to an incentive system from the owners of the Subway stores). Because the Plaintiffs have not averred any facts from which to infer crucial connections between the Corporate Brightstar Defendants and the Plaintiffs, the Plaintiffs have not sufficiently pleaded that the Knoxville Defendants and the Corporate Brightstar Defendants are "joint employers."

## II. This case is distinguishable from *Parrott v. Marriott International*.

In their Reply [Doc. 83] to JRC's Response to Plaintiff's Motion for Conditional Certification of a Collective Action [Doc. 78], Plaintiffs rely on *Parrott v. Marriott International*, and *Parrott* is the sole Sixth Circuit case cited by Plaintiffs as purported authority for their claim that a franchise relationship equates a joint employment relationship. [Doc. 83, pgs. 1-2]. However, the instant case is entirely distinguishable from *Parrott*, in regard to the quantum of factual allegations necessary to substantiate a "joint employer" relationship to survive a motion to dismiss. In *Parrott*, the court denied the defendant's motion to dismiss from the court's review of pleadings that were far more specific and detailed than those filed by Plaintiff in the instant case. *Parrott v. Marriott Int'l, Inc.*, 2017 U.S. Dist. LEXIS 133277 (E.D. Mich. Sept. 6, 2017). The *Parrott* plaintiffs supported their allegation that the franchisor, Corporate Marriott, was a joint employer by averring the following: the employee plaintiffs ("Food Managers" classified as exempt employees) were provided equal discounts to Marriott hotels as Corporate Marriott employees; Corporate Marriott managers and auditors frequently reviewed the work of the plaintiffs; Corporate Marriott managers controlled the work schedules and met with the plaintiffs regarding employee scheduling; and Corporate Marriott managers

7

imposed specific workplace rules upon the plaintiffs and enforced hiring procedures and requirements. *Parrott* at *5-6. Further, in their amended complaint, the *Parrott* plaintiffs specifically averred that (1) the plaintiffs were required to attend *daily* meetings as to specific directives from Corporate Marriott, (2) Corporate Marriott enforced the use of specific vendors only by the Food Managers and disciplined a plaintiff for failing to use the proper Corporate Marriott online platform to order table number cards, and (3) the plaintiffs were instructed that they "*first and foremost*" worked for Corporate Marriott. *Id.* at *7-8 (emphasis added).

In their Amended Complaint, the Plaintiffs in the present suit make no specific allegations as to how the Corporate Brightstar Defendants exercised substantive control over the Knoxville Defendants. Further, although the Plaintiffs made broad, sweeping allegations as that all named Defendants "disguised" and manipulated the payroll records of the Chattanooga Defendants, they have failed to offer specific factual allegations for these unwarranted conclusions. Therefore, any conclusions or factual inferences that the Corporate Brightstar Defendants and the Knoxville Defendants are "joint employers" under the FLSA or that all named Defendants acted in concert, per an FLSA-violating policy, need not be accepted as true by this Court. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

The Plaintiffs have failed to allege sufficient facts that could support a finding that the Knoxville Defendants are "joint employers" with the Corporate Brightstar Defendants or that the Knoxville Defendants and Chattanooga Defendants are connected. Accordingly, the Amended Complaint contains no justification for the Knoxville Defendants to remain in this proposed collective action, and this cause of action should be dismissed as to the Knoxville Defendants. Alternatively, with this Court's determination Plaintiff Russell has alleged sufficient facts to

8

sustain a cause of action against the Knoxville Defendants, the present proposed collective action is not the appropriate forum for addressing any such claims of Plaintiff Russell.

### III. Pursuant to Fed. R. Civ. P. 21, this Court should drop the Knoxville Defendants from this action.

Federal Rule of Civil Procedure 21 provides as follows: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." "Misjoinder" is distinguished by a failure to satisfy the requirements of joinder as provided in Rule 20: (A) the cause of action is "arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (B) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). To determine whether claims arise out of the same transaction or occurrence, the Sixth Circuit evaluates whether there is a logical relationship between the claims. *LASA Per L'Industria Del Marmo Soceita Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969) (citing *Moore v. N.Y. Cotton Exchange*, 270 U.S. 593, 610, 46 S. Ct. 367, 70 L. Ed. 750 (1926)). The effect of the court's "add[ing] or drop[ping] a party" results in the dismissal of the dropped defendants without prejudice, and the original case is preserved. *Kitchen v. Heyns*, 802 F.3d 873, 874-75 (6th Cir. 2015). *See also Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) ("We think that [Rule 21] is the [rule] under which any action to eliminate . . . a party should be taken.").

Assuming that the Plaintiffs (or Plaintiff Russell) have pleaded a facially sufficient FLSA claim against the Knoxville Defendants (which the Knoxville Defendants strongly dispute), the Plaintiffs have not shown that: (1) any alleged FLSA violation committed by the Knoxville Defendants arose out of the same transaction or occurrence as the alleged violations by the Chattanooga Defendants, *and* (2) "any question of law or fact common to all defendants will

9

arise in the action." Fed. R. Civ. P. 20(a)(2).  For this reason, the Knoxville Defendants should be dropped from the lawsuit.

Regarding the first part of the joinder rule, courts "find that claims arise out of the same transaction or occurrence when the likelihood of *overlapping proof and duplication in testimony* indicates that separate trials would result in *delay, inconvenience, and added expense* to the parties and the court."  7 Wright & Miller, Federal Practice & Procedure Civil § 1683 (3d ed. 2015) (emphasis added).  In this case, there is no foreseeable chance of overlapping proof or duplication in testimony.  The Chattanooga Plaintiffs' proof and testimony will focus on e-mails and instruction from the Chattanooga Defendants related to their alleged "scheme" to skirt FLSA overtime requirements. [Doc. 54, ¶¶ 17-18; Doc. 68, pg. 3.]  In contrast, the Knoxville Plaintiff's proof and testimony will likely pertain to dates of alleged underpayment and any alleged occurrence of the details asserted in the Knoxville Plaintiff's affidavit, *e.g.*, the substance of statements purportedly made by unidentified managers.  [Doc. 54, ¶¶ 20-21.]    Clearly, these transactions and occurrences are not the same and will require different proof and testimony because they involve different parties, different dates, and different pay policies.

Generally, the second portion of the Rule 20 joinder inquiry—whether the suit involves a common question of fact or law—is easy to satisfy.  *Worldwide Digital Entm't, LLC v. Woodstone Deli and Sports Grill*, 2014 U.S. Dist. LEXIS 73757, at *2 (E.D. Tenn. May 30, 2014).  However, this case is unique.  The Knoxville Plaintiff's case will turn on one single question of law and fact: on what dates did the alleged underpayment of Plaintiff Russell occur, and did those dates precede or follow the change in the Department of Labor's FLSA requirements for payment of overtime compensation to home healthcare employees?  The Chattanooga Plaintiffs' case involves no such inquiry because the issue in the Chattanooga case

10

will center on the purported scheme referenced in the e-mail allegedly sent by Defendant Collett and the Chattanooga Defendants' liability under the FLSA. [Doc. 67, exs. 1-2; Doc. 68, pg. 3.]

In addition, the requirements of Rule 20 are more difficult to satisfy because, as noted at the outset of this Motion, the Knoxville Defendants are not joint employers of the Plaintiffs with the named Defendants. This suit uniquely involves two groups of employers and employers and two different theories of liability. Therefore, the Knoxville Defendants have been misjoined as named defendants, and sharing neither a common transaction or occurrence nor a common question of law or fact with the named defendants, should be dropped from this suit pursuant to Fed. R. Civ. P. 21.

**IV. In the alternative, this Court should sever the claims by the Knoxville Plaintiff against the Knoxville Defendants from this action, and pursuant to 28 U.S.C. § 1404(a), this Court should transfer the claims to the Knoxville Division of the Eastern District of Tennessee.**

As clearly stated by the Middle District of Tennessee, misjoinder is not the only basis for a Rule 21 motion:

> [T]he courts construe Rule 21 to permit the courts, *sua sponte*, to sever claims or parties not only where they have been misjoined, but also where "*fairness or convenience justifies separate treatment*." Advisory Committee's 1966 Amendment Notes. *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (noting that the joinder of claims, parties, and remedies must be "consistent with fairness to the parties"). Accordingly, when determining whether claims permissibly joined should be severed . . . , a court should consider whether it would be *convenient or fair to keep the matters together*." In re Nintendo Co., 544 F. App'x 934, 938 (5th Cir. 2013).

*Shabazz v. Schofield*, 2014 U.S. Dist. LEXIS 163642, at *27 (M.D. Tenn. Nov. 19, 2014) (emphasis added). "Under [Rule 21 of the Federal Rules of Civil Procedure], '[a]ny claim against a party may be severed and proceeded with separately.' District courts have broad discretion to determine whether to sever claims when doing so advances the administration of

11

justice." *Productive MD, LLC v. Aetna Health, Inc.*, 969 F. Supp. 2d 901, 940 (M.D. Tenn. 2013) (citations omitted).

Although the Knoxville Defendants contend the claims alleged against them do not share a common transaction or occurrence nor a common question of law or fact, and the Knoxville Defendants should be dropped on these grounds or the case should be severed on the same grounds, further justification exists for severing the claims against the Knoxville Defendants from this suit. "[F]airness [and] convenience justif[y] separate treatment" of the Knoxville Plaintiff and the Knoxville Defendants from the other parties. Fed. R. Civ. P. 21, Advisory Committee's 1966 Amendment Notes; *Shabazz v. Schofield*, 2014 U.S. Dist. LEXIS 163642, at *26. The factors of fairness and convenience weigh heavily in favor of severance, as does this Court's interest in judicial economy.

As described above, the Plaintiffs' proof and testimony as to the Knoxville Defendants and the Chattanooga Defendants will require entirely separate factual showing, evidence, and witnesses. Accordingly, trying the instant case will require a nearly bifurcated trial in two parts, first, on the Chattanooga Defendants' alleged liability with its own facts and proof, then on the Knoxville Defendants' alleged liability with entirely separate facts and proof, clearly not in the interests of the convenience and efficiency of the Court. The Plaintiffs' case against the Knoxville Defendants and the Chattanooga Defendants are based on "discrete transactions that do not comprise the same transaction or occurrence or series of transactions of occurrences." *See Worldwide Digital Entm't, LLC v. Woodstone Deli & Sports Grill*, 2014 U.S. Dist. LEXIS 73757, at *8-9 (E.D. Tenn. May 30, 2014) (severing claims where defendant restaurants and individual DJs allegedly played karaoke songs in violation of plaintiff's copyright, and the pleadings broadly alleged claims against multiple defendants through "vague assertions and

12

unsupported conclusions"). To allow for expedient resolution of this matter and pursuant to Fed. R. Civ. P. 21, this Court should sever the claims by the Knoxville Plaintiff against the Knoxville Defendants into a separate action and transfer the separate action to the Knoxville Division of the Eastern District of Tennessee, pursuant to 28 U.S.C. § 1404(a).

Turning to the legal standard for transfer of this case after severance, within the Sixth Circuit, district courts consider several factors as to whether transfer is proper:

> (1) convenience of the witnesses; (2) availability of judicial process to compel the attendance of unwilling or uncooperative witnesses; (3) location of the relevant documents or records, and the relative ease of access to sources of proof; (4) residence and convenience of the parties; (5) relative financial means and resources of the parties; (6) locus of the operative facts and the events that gave rise to the dispute or lawsuit; (7) each judicial forum's familiarity with the governing law; (8) the deference and weight accorded to the plaintiff's choice of forum; and (9) trial efficiency, fairness, and the interests of justice based on the totality of the circumstances.

*KANL, LLC v. Savage Sports Corp.*, No. 3:13-CV-265-TAV-CCS, 2014 U.S. Dist. LEXIS 59712, at *5-6 (E.D. Tenn. Apr. 30, 2014) (quoting *Mardini v. Presidio Developers, LLC*, No. 3:08-CV-291, 2011 U.S. Dist. LEXIS 3326, at *6 (E.D. Tenn. Jan. 13, 2011)).

The severed case should be transferred from the Chattanooga Division to the Knoxville Division because the operative facts and relevant evidence pertaining to the Knoxville Defendants and the Knoxville Plaintiff occurred in and is located in Knoxville, not Chattanooga. Sixth Circuit law supports this conclusion. In *Maberry v. Nuclear Fuel Services*, the plaintiff employee filed an employment discrimination suit in the Circuit Court for Knox County, and when the plaintiff amended her complaint to add Title VII claims, the defendant employer removed the suit to federal court in the Knoxville Division. *Maberry v. Nuclear Fuel Servs.*, No. 3:13-CV-499, 2013 U.S. Dist. LEXIS 144593, at *2 (E.D. Tenn. Oct. 7, 2013). The employer was located in Unicoi County, which lies in the Northeastern Division (at Greeneville). *Id.* at

13

*1-2.  The Plaintiff formerly lived in Washington County, also in the Northeastern Division, and at the time of suit had relocated to Virginia.  *Id.* at *2.  The employer filed a motion to transfer venue pursuant to 28 U.S.C. 1404(a). *Id.* at *2-3.

The district court granted the employer's motion to transfer venue from the Knoxville Division to the Northeastern Division.  *Id.* at *13. The court made this determination because the following had occurred or was located in the Northeastern Division: (1) actions giving rise to the plaintiff's claims (*e.g.*, termination of employment), (2) proof and witnesses, and (3) the employer and relevant records.[3]  *Id.* at *8.  Although the plaintiff employee contended that the Knoxville Division was the proper forum, the district court found that the relevant events occurred outside the Knoxville Division to weigh against the plaintiff, as follows:

> [A] plaintiff's choice of forum "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff." *Chicago, R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (quoting *Josephson v. McGuire*, 121 F. Supp. 83, 84 (D. Mass. 1954)); *see also Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Guarantee Trust Life Ins. Co.*, 8 F. Supp. 2d 1008, 1011 (N.D. Ohio 1998) (holding that, in such an instance, "Plaintiffs' choice of forum is given the same weight as the other factors necessary to a transfer analysis **because it is not Plaintiffs' home forum nor did the operative events take place in [that] district**"); *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996) (noting that because the plaintiffs and events at issue had no connection with the chosen forum, plaintiffs' forum choice was "**not entitled to great weight**"); *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 592 (E.D. Va. 1992) (stating that when "a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is **not entitled to such substantial weight**").

*Id.* at *5-6 (emphasis added).  The court granted the motion to transfer based on the multitude of factors weighing in favor of the transfer.  *Id.* at *13.

---

[3] The court also noted that "a plaintiff's choice of forum is entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum, which was state court."  *Id.* at *5 (citing *Sky Technologies Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 292 (S.D. Ohio 2000)).

In this case, Plaintiff Smith, not Plaintiff Russell, filed the instant suit in the Chattanooga Division. Over one year later, Plaintiff Russell, sharing nothing in common with Plaintiff Smith except for the same counsel, was brought into the pending case. Plaintiff Russell did not select the instant forum. *See infra*, n.3. As explained above, the Chattanooga Defendants and the Knoxville Defendants are entirely separate and unrelated, and the Plaintiffs have alleged separate transactions or occurrences giving rise to separate alleged FLSA violations. Much like in *Maberry*, none of the claims in the suit involving the Knoxville Plaintiff and the Knoxville Defendants occurred in Chattanooga. The Knoxville Defendants and all records involving the Knoxville Plaintiff are located in Knoxville, the Knoxville Plaintiff completed all work in Knoxville, the Knoxville Plaintiff presently resides in Blount County, adjacent to Knox County, and all operative events occurred in Knoxville. [Doc. 54, ¶¶ 8-9, 19-20.] Moreover, Chattanooga should not be given weight as Plaintiff Russell's chosen forum because the Plaintiff Smith selected the forum. Put simply, Plaintiff Russell's cause of action, if any, bears no relation to Chattanooga.

## CONCLUSION

In conclusion, the Plaintiffs have failed to support the legal conclusion that the Knoxville Defendants are "joint employers" with the Corporate Brightstar Defendants, and the Plaintiffs have not pleaded that the Knoxville Defendants or the Chattanooga Defendants are connected. Therefore, this cause of action should be dismissed as to the Knoxville Defendants. Should this Court decline to dismiss the case at this stage, in the alternative, the Knoxville Defendants move this Court for an Order dropping the Knoxville Defendants from this suit or an Order severing the Knoxville Plaintiffs and Defendants from the suit and transferring the severed case.

Respectfully submitted this 29th day of May, 2018.

/s/ S. David Lipsey
S. David Lipsey, Attorney for
Grubb & Associates, Inc. and Joseph Grubb
Tenn. Bar No. 027380

Lipsey, Morrison, Waller & Lipsey, P.C.
1430 Island Home Avenue
Knoxville, Tennessee 37920
(865) 546-6321
(865) 546-0422 (fax)
DLipsey@lmwl.law

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Defendants Grubb & Associates, Inc. and Joseph Grubb's Memorandum of Law in Support of Defendants Grubb & Associates' and Joseph Grubb's Motion for Judgment on the Pleadings or, in the Alternative, to Drop or to Sever and Transfer has been sent to all parties indicated on the electronic filing receipt, electronically by ECF, this 29th day of May, 2018.

/s/ S. David Lipsey
S. David Lipsey