IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JESSICA BROOK RUSSELL, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:18-cv-00463-PLR-HBG ) |
| GRUBB & ASSOCIATES, INC., and JOSEPH GRUBB, | ) ) ) |
| Defendants. | ) |

GRUBB & ASSOCIATES, INC.'S AND JOSEPH GRUBB'S RESPONSE AND OPPOSITION
TO PLAINTIFF'S MOTION FOR EQUITABLE TOLLING

COME Defendants, Grubb & Associates, Inc. ("Grubb & Associates") and Joseph Grubb ("Grubb"), at times referred to as the "Grubb Parties", by and through counsel, and for their response and opposition to the Plaintiff's Motion for Equitable Tolling, state as follows:

**Introduction**

The lengthy and unusual procedural history of this case, including the misjoinder of Plaintiff Russell and the Grubb Parties in an FLSA lawsuit in the United States District Court for the Eastern District of Tennessee, Southern Division ("Chattanooga Lawsuit"), is detailed extensively in the Grubbs Parties' Response to Plaintiff Russell's Motion for Conditional Certification filed simultaneously herewith. As thoroughly explained in the Grubb Parties' Response to the Motion for Conditional Certification, Plaintiff Russell is not similarly situated to the three (3) putative

plaintiffs who filed sworn declarations in this case, to wit: Tony Watts, Robin Urban, or Judith Simpson. Plaintiff Russell fails to make even a modest factual showing of a policy of FLSA violating conduct on the part of the Grubb Parties with respect to Russell, Watts, Urban, Simpson, or any other potential party. Notwithstanding the failure to produce any credible evidence of widespread FLSA violations, Plaintiff Russell also seeks the extraordinary relief of tolling the applicable statutes of limitations as to any and all former employees who may have a claim against Grubb & Associates relating to the FLSA.

Plaintiff Russell asserts that the statute of limitations for any and all employees of Grubb & Associates who may have FLSA claims should be tolled from April 10, 2018, pursuant to an Order [Doc. 101] entered in the Chattanooga lawsuit, through and including thirty (30) days from the date this Court rules upon Plaintiff Russell's Motion for Conditional Certification [Doc. 145]. Equitable tolling is an extraordinary form of relief, and is not appropriate under the facts and circumstances of this litigation. Magistrate Steger entered an Order [Doc. 101] in the Chattanooga Lawsuit tolling the statute of limitations for putative plaintiffs' FLSA claims from April 10, 2018, in order to "bridge" the time period between the Plaintiffs' initial Motion for Conditional Certification and the expected refiling of the same following discovery regarding joint employment. The lawsuit changed course once it became clear Plaintiff Russell and the Grubb Parties had been misjoined.

Magistrate Steger's Order [Doc. 101] gave the Plaintiffs until October 26, 2018, to re-file a Motion for Conditional Certification. Because the Court ultimately severed the claims of Plaintiff Russell as to the Grubb Parties and transferred the same to this Court, Plaintiff Russell did not re-file a Motion for Conditional Certification on or before October 26, 2018. By failing to re-file a Motion

for Conditional Certification or otherwise request an extension of the tolling Order [Doc. 101], Plaintiff Russell failed to comply with Magistrate Steger's Order [Doc. 101]. It is not reasonable to assume that Magistrate Steger intended to toll the statutes of limitation for causes of action of potential plaintiffs in the present lawsuit for an additional six (6) months beyond the October, 2018 deadline in his Order [Doc. 101]. This would effectively result in a tolling period in excess of one (1) year.

## Law & Argument

Plaintiff Russell, as the movant, bears the burden of proving the extraordinary relief of equitable tolling is applicable this case. The FLSA statute of limitations is two (2) years, or three (3) years if a willful violation of the statute is proven. 29 U.S.C. 225. "Under the FLSA, a cause of action accrued with each paycheck, *Gandy v. Sullivan County,* 24 F.3d 861, 864 (6th Cir. 1994), and an action is commenced when a plaintiff files a complaint. 29 U.S.C. § 256(a)." *Guzeman v. Green Pastures Farm, Inc.* No. 3:08-cv-00957, 2009 U.S. Dist. LEXIS 63632, at *3 (M.D. Tenn. June 4, 2009). In regards to the potential opt-in plaintiffs, "[f]or purposes of the statute of limitations, the filing of the written consent 'commences' an FLSA collective action." *Frye v. Baptist Mem'l Hosp., Inc.,* 495 F. App'x 669, 675 (6th Cir. 2012). Consequently, the cause of action for each individual potential opt-in plaintiff employee will accrue at the latest on the date when that particular employee's last paycheck cleared. *See Guzeman,* 2009 U.S. Dist. LEXIS 63632, at *3. Courts have noted that the two different deadlines "are the result of Congress' 'concern that an opt-in plaintiff able to escape the statue of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint'". *Love v. Phillips Oil, Inc.,* No.

3

3:08cv92/MCR/MD, 2008 U. S. Dist. LEXIS 102366, at *3-4 (N.D. Fla. Dec. 9, 2008) quoting *Grayson v. K Mart Corp.,* 70 F.3d 1086, 1106 (11th Cir. 1996)).

"Equitable tolling is the exception rather than the rule, granted 'only sparingly.'" *Osman v. Grube, Inc.,* No. 16-cv-802, 2017 U.S. Dist. LEXIS 105276, at *24 (N.D. Ohio July 7, 2017) (quoting *Irwin v. Dep't of Veteran Affairs,* 498 U.S. 89, 90, 111 S. Ct.453, 112 L. Ed. 2d 435 (1990)). A litigant is entitled to equitable tolling of a statute of limitations *only if* the litigant established two elements: (1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.' *These are 'distinct elements,' both of which must be shown by the party seeking equitable tolling."* Patton v. ServiceSource Del., Inc., No. 3:15-01013, 2016 U. S. Dist. LEXIS 112211, at *11-12 (M.D. Tenn. Aug. 23, 2016) (emphasis added).

    A.    **Applicability of Equitable Tolling - Diligence and Extraordinary Circumstances**

Plaintiff Russell seeks to toll the statute of limitations on behalf of an entire potential class. However, she does not offer any support for this request, other than to generally allege other possible plaintiffs should be given additional time to assert claims because they may be unaware of the present lawsuit. Plaintiff Russell cannot show whether a potential plaintiff (1) has been diligently pursuing his/her rights or (2) that an "extraordinary circumstance" exists which prevented his/her timely filing to participate in the action, as this showing is unique to the facts related to each individual who may be a potential plaintiff.

In November, 2018, Plaintiff Russell received information from the Grubb Parties regarding approximately 250 individuals who worked for Grubb & Associates between January 1,

4

2015 and January 1, 2017. Over the course of the following 3½ months, several individuals filed consents to participate in the present lawsuit. However, only three (3) of those individuals have filed sworn declarations containing allegations against Grubb & Associates. As noted in detail in the Grubb Parties' Response to Plaintiff Russell's Motion for Conditional Certification, those declarations are riddled with false statements as to those individual's hours worked and compensation received for overtime and drive time. None of the putative plaintiffs who have filed consents have offered any reasonable basis for tolling the statute of limitations. To the contrary, through their own declarations, the putative plaintiffs claim to have had conversations, either with personnel of Grubb & Associates or fellow employees, during which they discussed alleged policies which they now claim violate the FLSA.[Docs. 143-5, 143-6, 143-7]. While the declarations lack credibility based upon the numerous false statements contained therein, they are instructive on the issue of equitable tolling to the extent the putative plaintiffs acknowledge they were aware of issues related to overtime compensation and compensation for drive time during the periods of their employment. These statements indicate the putative plaintiffs were not diligent in asserting claims related to overtime and drive time compensation.

### B. The *Andrews* Factors

The Plaintiff recites the five (5) *Andrews* factors presented by the Sixth Circuit Court of Appeals when analyzing equitable tolling, to wit: (1) lack of actual notice of the filing requirement, (2) lack of constructive knowledge of filing requirement, (3) diligence in pursuing one's rights, (4) absence of prejudice to the defendant, and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). Upon review
5

of these factors and the pleadings and supporting declarations and exhibits, there is no basis for tolling the statute of limitations with respect to Plaintiff Russell or any allegedly similarly situated employee of Grubb & Associates.

The first, second, and fifth factors cannot be analyzed with regard to plaintiffs whose identities are not yet known as they pertain to an individual's awareness of filing requirements. The third factor is not relevant because, 'diligence is measured by whether Plaintiffs opted-in when given the opportunity….'" *Atkinson v. TeleTech Holdings, Inc.*, 2015 WL 853234, at *9 (S.D. Ohio Feb. 26, 2015). Accordingly, any argument about these factors is premature. Further, employees providing companionship services in 2015 and 2016 either knew or should have known of a potential violation of the FLSA overtime pay requirement due to the publicity and attention given to the issue of overtime compensation within the companionship services field. Any prospective plaintiff, aware of the changing requirements regarding overtime pay for home care employees, had no barrier to filing his or her own suit. *Atkinson*, 2015 WL 853234, at *9. A reasonably prudent employee in this field of companionship services must be charged with knowledge of the outcome of litigation rejecting the Department of Labor's Home Care Final Rule in 2015, and the effect of the Final Rule on his/her employment.

In her argument regarding the fourth factor, prejudice to the defendants, Plaintiff Russell takes a position that Grubb is not prejudiced since it was brought into the Chattanooga Lawsuit in February, 2018, and should have been aware of the possibility of FLSA claims dating back to 2015. To the contrary, Grubb spent over six (6) months defending baseless claims related

6

to joint employment, only to now defend against the Plaintiff's efforts to allow other potential plaintiffs to toll the statute of limitations and potentially assert claims which are over four (4) years old.

      Even if Plaintiff's instant Motion is granted, the Plaintiffs should not be entitled to toll the statute of limitations for all plaintiffs–actual or putative–from April 10, 2018. *See Patton v. ServiceSource Delaware, Inc.*, 2016 WL 4441424, at *5 (M.D. Tenn. Aug. 23, 2016) (tolling the limitations period as of the date the plaintiffs filed their reply brief in support of their motion for conditional certification); *Penley v. NPC International, Inc.*, 206 F. Supp. 3d 1341, 1351 (W.D. Tenn. 2016) (plaintiffs' claims equitably tolled from date first motion for conditional certification could have been fully briefed); *David v. Kohler Co.*, 2017 WL 3865656, at *7 (W.D. Tenn. Aug. 30, 2017) (adopting Magistrate Judge's recommendation to toll the statute of limitations as of the date the Amended Motion to Certify was granted). The earliest date the Plaintiffs should be allowed to toll the statute of limitation would extend only to the date of filing their Motion for Conditional Certification in the present lawsuit. As noted previously herein, the procedural history of this case, which was protracted due to Plaintiff Russell's missteps, should not operate to benefit unknown plaintiffs, nor should the potential plaintiffs enjoy an extended tolling period from Magistrate Steger's bridging Order [Doc. 101].

## Conclusion

In conclusion, Grubb & Associates and Grubb submit that Plaintiff Russell fails to carry her burden of establishing that equitable tolling of the statute of limitations is appropriate in this case as to employees of Grubb & Associates. Accordingly, Grubb & Associates and Grubb respectfully request that this Court deny the Plaintiff's Motion for Equitable Tolling.

Respectfully submitted this 1st day of April, 2019.

/s/ S. David Lipsey
S. David Lipsey, Attorney for
Grubb & Associates, Inc. and Joseph Grubb
Tenn. Bar No. 027380

Lipsey, Morrison, Waller & Lipsey, P.C.
1430 Island Home Avenue
Knoxville, Tennessee 37920
(865) 546-6321
(865) 546-0422 (fax)
dlipsey@lmwl.law

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Grubb & Associates, Inc.'s and Joseph Grubb's Response and Opposition to Plaintiff's Motion for Equitable Tolling has been sent to all parties indicated on the electronic filing receipt, electronically by ECF, this 1st day of April, 2019.

/s/ S. David Lipsey
S. David Lipsey

8

Case 3:18-cv-00463-PLR-HBG   Document 159   Filed 04/01/19   Page 8 of 8   PageID #: 1592