# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | |
|---|---|---|
| JESSICA BROOKE RUSSELL, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 3:18-CV-463 REEVES/GUYTON |
| GRUBB & ASSOCIATES, INC., and JOSEPH GRUBB, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Report and Recommendation ("R&R") filed by United States Magistrate Judge Bruce H. Guyton [D. 166], regarding the disposition of Plaintiff's motions for conditional certification of collective action and equitable tolling [D. 143, 145] and Defendants' motion for leave to file documents under seal [D. 151]. Judge Guyton recommends that the Court grant Plaintiffs' Motion for Conditional Certification [D. 143], Plaintiff's Motion for Equitable Tolling [D. 145], and Defendants' Motion for Leave to File Document Under Seal [D. 151]. Plaintiff filed an objection to the timing of the equitable tolling period set by the R&R [D. 167]. The Court will review the contested parts of the R&R *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

"In collective wage and employment cases, courts regularly grant equitable tolling so that plaintiffs may assert their claims despite the kinds of delays inherent in such litigation." *Penley v. NPC Int'l, Inc.*, 206 F. Supp. 3d 1341, 1348. This is because "the goal of equitable tolling, to the extent possible, is to put the Plaintiffs in the same position in which they would have been had the delays not occurred." *Id.* at 1351.

1

Here, Plaintiff asserts that the period of tolling would be "significantly impaired, if not totally abrogated," if the tolling only runs until thirty days from this Court's approval of the R&R due to the time necessary to finalize and receive court approval of a notice and opt-in form pertaining to this conditionally collective action. Under the R&R, [i]f the parties have not reached an agreement regarding the notice and opt-in forms" prior to this ruling on the R&R, Plaintiffs have five days from the entry of this ruling to file a proposed form. [D. 166]. Defendants then have five days from Plaintiff's filing to respond or file a competing notice and opt-in form. [*Id.*]. In light of these ten days and any additional time needed for the Court to rule on the notice and opt-in forms, Plaintiff fears that the tolling period, as recommended, may provide insufficient protection for the conditional collective action class. Instead, Plaintiff proposes that the thirty-day equitable tolling period run until thirty days after this Court's ruling on notice and opt-in forms. Plaintiff's timing concerns are well taken and the relief requested is reasonable. Because the goal of the equitable tolling granted herein is to "put the Plaintiffs in the same position" as they were without litigation delays, setting the end of the tolling to thirty days beyond this Court's approval of a notice and opt-in form will serve that end. The Court does not anticipate that this change will result in a significant extension of the tolling period.

For the foregoing reasons, Plaintiff's objections to the R&R [D. 167] are **GRANTED**. After a careful review of the record, the Court agrees with the R&R and otherwise **ADOPTS** it. For the reasons stated in the R&R, Plaintiff's motions for conditional certification of collective action [D. 143] and for equitable tolling [D. 145] are **GRANTED** and Defendants' motion for leave to file a document under seal [D. 151] is **GRANTED**.

In accordance with this ruling,

(1) This case is conditionally certified for current and former companionship employees employed by Defendants from January 1, 2015 through December 31, 2017;

(2) Defendants are **ORDERED** to produce the names, addresses, and dates of employment for all persons potentially covered by the collective action within twenty (20) days of entry of this Order;

(3) If the parties have not yet reached an agreement regarding the notice and opt-in forms, Plaintiff is **ORDERED** to file their proposed notice and opt-in form within five (5) days of this Order, and Defendants are permitted to respond or file a competing notice and opt-in form within five (5) days of the Plaintiff's filing;

(4) The claims of putative opt-in plaintiffs are tolled as of April 10, 2018 to a date thirty days after this Court's approval of a notice and opt-in form; and

(5) The Clerk of Court is **ORDERED** to seal the submitted exhibits [Docs. 152-158] so that they may be viewed only by counsel for the parties and the Court.

**IT IS SO ORDERED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**