IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JESSICA BROOKE RUSSELL, individually and on behalf of others similarly situated, | ) ) ) NO. 3:18-cv-00463 ) ) District Judge Atchley |
| Plaintiff, | ) ) Magistrate Judge Guyton |
| v. | ) ) |
| GRUBB & ASSOCIATES, INC. and JOSEPH GRUBB, | ) ) ) ) |
| Defendants. | ) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT
## AND FOR ENTRY OF DISMISSAL WITH PREJUDICE

The Parties, by and through their undersigned counsel, respectfully move this Court for an Order approving the terms of the settlement reached by the parties and for dismissal of this action with prejudice. In support of this motion, the Parties state as follows:

1. This is an action alleging violations of the Fair Labor Standards Act, 29 U.S.C., Section 201 *el seq.* This action was conditionally certified as an FLSA collective action pursuant to 29 U.S.C. 216(b)., Certain Plaintiffs filed consents to join this lawsuit prior to conditional certification, and others voluntarily and affirmatively joined this action ("opted in") after issuance of a Court-Approved notice, to which the named plaintiff and others had previously consented.

2. The claims involve numerous contested issues of fact and law. Grubb and Associates, Inc. and Joe Grubb (collectively "Defendant") denies that it has engaged in any unlawful conduct. Defendant denies liability, damages entitlement and calculations, and disputes the timeliness of some of Plaintiffs' claims. Defendant believes that it would prevail on the merits, either at trial or through motion practice. Plaintiffs similarly believe that they would prevail on the merits of these claims.

3. After arms-length negotiations, the Parties have reached a settlement of this collective action. This settlement was the product of discussions between counsel regarding each plaintiff's time sheets, payroll records, location of work assignment, alleged hours per week, weekly pay amounts, and dates of each plaintiff's alleged employment. Defendant also shared information relating to certain plaintiffs to properly remain in the class. The Parties discussed and independently analyzed this information for purposes of calculating the risks and rewards of continuing with litigation. Throughout the settlement process the Parties have each been represented and assisted by their respective undersigned attorneys and have had the benefit of their counsel and advice. On or about June 28, 2021, the Parties executed a Settlement Agreement (the "Agreement") setting forth all of the terms of the agreed upon settlement, which is attached as Exhibit 1.

4. The Agreement does not constitute and shall not be deemed to be a finding or determination by the Court, nor an admission by any party, regarding the merits, validity or accuracy of any of the allegations, claims or defenses. The Agreement represents the compromise of disputed claims that the Parties recognize would require protracted and costly litigation to determine. Defendant's agreement to this Motion, and entry into the Agreement, is

not and may not be used by any person in any proceeding as an admission or evidence that Defendant engaged in any unlawful conduct, such being expressly denied.

5. The Agreement was negotiated on behalf of all the Parties, and the terms of the Agreement reflect a reasonable compromise of the Parties' many disputed issues of law arid of fact. The Agreement fairly and reasonably compromises each parties interests, benefits, and rights, pursuant to the criteria and policy considerations set forth in <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F. 2d 1350, 1354 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.").

6. For settlement purposes only, the Parties agree that a collective action may be certified in this action, and jointly request that the Court certify for settlement purposes only a collective action under Section 216(b) of the FLSA, said collective action being comprised of all individuals who worked for Defendant at any time since June 29, 2014, who timely filed consents to join the lawsuit prior to conditional certification, and/or timely submitted opt-in-notices consenting to be Plaintiffs with respect to the FLSA claims in this litigation.

7. The Agreement impacts only the claims of the Plaintiffs who filed consents to join this lawsuit prior to conditional certification and those who, after issuance of the notice of conditional certification approved by this Court, have affirmatively opted-in to this lawsuit and agreed to be represented by Plaintiffs' Counsel. Individuals who did not affirmatively file consents and/or opt-in to this lawsuit and affirmatively agree to be represented by Plaintiffs' Counsel will not participate in the Agreement.

8.	The Agreement provides for payments to the Plaintiffs in a manner negotiated by the Parties. The Agreement is designed to take into account the many difficult legal and factual issues that arose in this litigation, including the information exchanged and considered by the Parties and their counsel.

9.	The attorneys' fees component of the Agreement is approximately fifty percent of the total gross amount recovered. The Parties agreed that the fee is reasonable, and that Plaintiff is not required to separately petition this Court for approval of the fee. Nonetheless, Plaintiff's attorneys are willing to submit billing records directly to chambers via email for this Court's in camera review.

10.	The Agreement further provides that the Parties will request that this Court dismiss this action, with prejudice, reserving jurisdiction solely to enforce the Agreement.

**WHEREFORE,** the Parties here by respectfully move for approval of the settlement and for an entry reflecting its approval, the dismissal of this action with prejudice, and reserving jurisdiction only to enforce the Agreement. All Parties shall bear her or its own costs. A proposed Order is submitted herewith.

Respectfully submitted,

BURNETTE, DOBSON & PINCHAK

By:  s/ H. Eric Burnette
H. Eric Burnette (BPR No. 24342)
711 Cherry Street
Chattanooga, TN 37402
Telephone: 423-266-2121
Facsimile: 423-266-3324
eburnette@bdplawfirm.com

and

WAGNER, NELSON & WEEKS
By:     s/ Michael A. Wagner
Michael A. Wagner, BPR No. 12840
701 Market Street, Suite 1418
Chattanooga, TN 37402
(423) 756-7923
maw@wagnerinjury.com

*Attorneys for Plaintiff*

LIPSEY, MORRISON, WALLER, & LIPSEY, P.C.

By:     s/ S. David Lipsey
S. David Lipsey (BPR No. 027380)
1430 Island Home Avenue
Knoxville, Tennessee 37920
Telephone:  865-546-6321
Facsimile:  865-546-0422
dlipsey@lmwl.law
*Attorney for the Defendants*
*Grubb & Associates, Inc. and*
*Joseph Grubb, Individually*