UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JESSICA BROOKE RUSSELL, individually and on behalf of others similarly situated, *Plaintiffs*, v. GRUBB & ASSOCIATES, INC. and JOSEPH GRUBB, *Defendants*. | ) ) ) ) ) No. 3:18-cv-463 ) ) Judge Atchley ) ) Magistrate Judge Guyton ) ) ) |

## MEMORANDUM AND ORDER APPROVING SETTLEMENT

Before the Court is Plaintiffs' and Defendants' Joint Motion for Approval of Settlement and for Entry of Dismissal with Prejudice ("Motion for Settlement Approval") [Doc. 190]. After reviewing the Motion for Settlement Approval and the Settlement Agreement [Doc. 190-1] and considering presentations by counsel for Plaintiffs and Defendant at the October 20, 2021, hearing, the Motion for Settlement Approval [Doc. 190] is **GRANTED** and the settlement will be **APPROVED**. The Court hereby **ORDERS** as follows:

### I. The Settlement Is Approved

The Court approves and incorporates by reference all definitions contained in the Settlement Agreement [Doc. 190-1]. The Court hereby approves the $21,500.00 collective action settlement. A district court should approve an FLSA collective action settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)); *Thompson v. United Stone, LLC*,

1

No. 1:14-CV-224, 2015 WL 867988, at *1 (E.D. Tenn. Mar. 2, 2015).

Here, the collective action settlement meets the above-referenced standard for approval. First, the parties agree – and the Court finds – that the collective action settlement was the result of vigorously contested litigation. The case was actively litigated by both parties. In a Memorandum and Order [Doc. 169] the Court granted Plaintiffs Motion for Conditional Certification, [Doc. 143]; Notice was issued to potential Opt-In Plaintiffs and, following the Opt-In period, a total of eighteen Plaintiffs became Plaintiffs in this action. Thereafter, the Parties engaged in written discovery and document production, including records for all Plaintiffs, and negotiated this settlement after reviewing the claims and defenses related to each of the eighteen Plaintiffs.

The Court finds that the second prong of the Court's settlement approval inquiry, whether the collective action settlement is a fair and reasonable resolution of a bona fide dispute between the parties, is also satisfied. To determine whether a collective action settlement is "fair and reasonable," some courts analyze the following factors: (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact existed that placed the ultimate outcome of the litigation in doubt; (3) whether the value of immediate settlement outweighs the mere possibility of future relief after protracted litigation; and (4) in the judgment of the parties, whether the settlement is fair and reasonable. *Cannon v. Time Warner NY Cable LLC*, 2015 WL 4498808 (D. Col. July 24, 2015). After careful review, the Court finds that the settlement is a fair and reasonable resolution. Further, for the reasons detailed in the Motion for Settlement Approval [Doc. 190] and during the settlement conference held before this Court, the above factors sometimes used by courts are satisfied, as well.

The Court also concludes that a *bona fide* dispute existed between the parties.

Defendant denied the material allegations of Plaintiffs' claims and any violation of the FLSA, and they vigorously defended their position throughout the litigation. *See Swartz v. D-J Eng'g, Inc.*, 2016 WL 633872 (D. Kan. Feb. 17, 2016). The duration and complexity of the litigation contradict any suggestion that the settlement is a product of collusion. Further, this Court was convinced of the dispute's legitimacy through its settlement hearing conducted on October 20, 2021.

## II. Settlement Procedure

A one-step settlement approval process in FLSA collective actions is appropriate. *See, e.g., Briggs v. PNC Fin. Servs. Group, Inc.*, No. 15-cv-10447, 2016 WL 7018566 (N.D. Ill. Nov. 29, 2016) *citing Koszyk v. Country Fin. a/k/a/ CC Servs., Inc.*, No 16 Civ. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016) (" 'A one-step settlement approval process is appropriate[]' " in FLSA settlements.). Collective actions under 29 U.S.C. § 216(b) require workers to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 class action. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013) (explaining that "Rule 23 actions are fundamentally different from collective actions under the FLSA"). Because the failure to opt-in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as Rule 23 actions. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (discussing due process concerns present in Rule 23 class action that are not present in FLSA collective actions).

Service or incentive awards serve the purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and other burdens sustained by the plaintiffs. "Numerous courts have authorized incentive awards . . . [as] efficacious ways of encouraging members of a

3

class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). In fact, "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred . . ." *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933, at *7 (N.D. Ohio March 8, 2010); see also Sand v. Greenberg, 2011 WL 784602, at *3 (S.D.N.Y. Oct. 6, 2011) (approving award in FLSA case because plaintiffs "took risks by putting their names in this lawsuit," including that of "blacklisting").

Here, Named Plaintiff Jessica Russell actively participated in the litigation and thus qualifies for this award. First, the Named Plaintiff took substantial actions to protect the interest of potential collective action members, and those actions resulted in a substantial benefit to the Settlement Class Members. Second, the Named Plaintiff undertook direct and indirect risk by agreeing to file this collective action lawsuit in her name. Third, the Named Plaintiff spent a significant amount of time and effort in pursuing this litigation on behalf of the Settlement Class Members. Such effort included time spent in pre-litigation assistance to Plaintiffs' Counsel in investigation the claims brought, as well as time spent assisting with the litigation, including providing a written declaration in support of Plaintiffs' Motion for Conditional Certification [Doc. 143]. The parties further discussed Named Plaintiff Jessica Russell's service award during the settlement hearing it held on October 21, 2021, and the Court finds it appropriate.

Thus, a Service Award is approved for Plaintiff Jessica Russell in the amount of $1,000.00.

### III. Fees and Costs of Plaintiffs' Attorneys

Plaintiffs' counsel seeks $10,685.24 in attorney fees, which is approximately 50% of the total Settlement Payment. Pursuant to § 216(b) of the FLSA, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee

4

to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of attorneys' fees and costs to Plaintiff's counsel must be "reasonable under the circumstances." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *4 (S.D. Ohio June 24, 2011) (citing *United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 501 (6th Cir. 1984)).

The Sixth Circuit has approved both the "lodestar" and percentage-of-the-fund methods for payment of attorney fees. *Rawlings*, 9 F.3d at 515-16. In determining the reasonableness of the fee award, courts consider the following factors: "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer*, 102 F.3d 777, 780 (6th Cir. 1996)).

Based on their time spent on the case, the risk Plaintiffs' counsel undertook by engaging in this litigation with no guarantee of compensation, and the fair result achieved for Settlement Class Members, Plaintiffs' counsel is entitled to reasonable attorney fees in the amount of $10,685.24. This Court reviewed the hours spent by Plaintiffs' counsel on this matter *in camera* and finds the amount of attorneys' fees agreed to in the settlement reasonable and fair. Further, the requested attorney fees are also justified because "[t]here is a public interest in

5

ensuring that attorneys willing to represent clients in class action litigation are adequately paid so that they and others like them will continue to take on such cases." *Connectivity Sys. Inc. v. Nat'l City Bank,* 2011 WL 292008, at *14 (S.D. Ohio Jan. 25, 2011).

Plaintiffs' counsel's request for reimbursement of $875.00 in actual, out-of-pocket expenses incurred while prosecuting this case is also granted. This amount includes costs for filing and service fees, postage, research fees, and travel expenses. The Court finds these costs to be reasonably incurred.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** the motion [Doc. 190] and hereby:

1. **APPROVES** the Settlement Fund amount, to be distributed in the following manner:

    a. $735.00 to Plaintiff Jessica Russell;

    b. $630.00 to Plaintiff Martha Chavis;

    c. $75.00 to Plaintiff Toni Watts;

    d. $715.50 to Plaintiff Judith Simpson;

    e. $338.63 to Plaintiff Jennifer Lovingood;

    f. $199.50 to Plaintiff Robin Urban;

    g. $283.50 to Plaintiff Jamie Lambdin;

    h. $60.75 to Plaintiff Traci Marsh;

    i. $2,445.75 to Plaintiff Cindy Warwick;

    j. $262.50 to Plaintiff Yanira Toribio;

    k. $251.63 to Plaintiff Amanda Uhlich;

    l. $1,185.00 to Plaintiff Alicia Turner;

    m. $252.47 to Plaintiff Jessica Borum;

    n. $298.50 to Plaintiff Sheila Booker;

6

o. $343.50 to Plaintiff Judith Tindel;

p. $222.59 to Plaintiff Tanya Carpenter;

q. $293.97 to Plaintiff Leondria Webb; and

r. $345.57 to Plaintiff Valencia Bethea.

2. **APPROVES** an additional $1,000.00 service award payment to Plaintiff Jessica Russell;

3. **AWARDS** $875 in actual costs incurred to Plaintiffs' counsel;

4. **AWARDS** reasonable attorney's fees and expenses to Plaintiffs' counsel in the amount of $10,685.24; and

5. **DISMISSES** this action **WITH PREJUDICE**.

The parties shall otherwise abide by the terms of the Settlement Agreement [Doc. 190-1] and terms of this Order.

**SO ORDERED. AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**